Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3743 (96 CR 379) | **DATE** | 8/1/2002 |
| **CASE TITLE** | QUAN JOHN RAY vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | AUG 0 2 2002 | 6 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 8/1/2002 | |
| CB | courtroom deputy's initials | | 02 AUG -1 PM 3:20 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

QUAN JOHN RAY, )
)
Plaintiff, ) No. 02 C 3743 (96 CR 379)
)
v. )
) Suzanne B. Conlon, Judge
UNITED STATES OF AMERICA, )
)
Defendant. )

DOCKETED
AUG 0 2 2002

## MEMORANDUM OPINION AND ORDER

Petitioner Quan John Ray, *pro se*, seeks a writ of *habeas corpus* to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

In a 1996 jury trial, Ray was convicted of conspiracy to possess with intent to distribute cocaine, crack cocaine, heroin and marijuana, 21 U.S.C. § 846 (Count I), murder of a person assisting a federal criminal investigation, 18 U.S.C. § 1121(a)(2) (Count VII), murder in furtherance of a continuing criminal enterprise, 21 U.S.C. § 848(e)(1)(A) (Count VIII), and distribution of cocaine, 21 U.S.C. § 848(a)(1) (Count IX). This court sentenced Ray to life imprisonment on Counts I, VII and VIII, and twelve months imprisonment on Count XI. On direct appeal, Ray argued: (1) he could not be convicted for murder in furtherance of a continuing criminal enterprise unless he was charged with membership in the enterprise; (2) the evidence was insufficient to convict him of the murder charges; (3) the jury was erroneously instructed they "should" acquit if the government failed to meet its burden of proof; (4) his narcotics distribution conviction violated the double jeopardy clause; and (5) the trial court erred when it

1



refused to dismiss a juror for cause. The Seventh Circuit rejected Ray's arguments and affirmed. *See United States v. Ray*, 238 F.3d 828 (7th Cir. 2001). Ray timely filed his § 2255 petition on May 15, 2002, within one year of the denial of his petition for a writ of *certiorari* to the United States Supreme Court. 28 U.S.C. § 2255, ¶ 6; *Ray v. United States*, 532 U.S. 1045 (2001); *Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999) (*pro se* prisoner's § 2255 motion deemed filed upon delivery to prison officials).

## DISCUSSION

### I. Standard of Review

Relief under § 2255 is limited to an error of law that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995); *Carreon v. United States*, 578 F.2d 176, 179 (7th Cir. 1978); 28 U.S.C. § 2255. Before reaching the merits of the petition, the court must determine whether the asserted claims are procedurally barred. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).

### II. Ray's § 2255 Claims

Ray presents an extraordinary number of claims in his *pro se* petition, none of which were raised on direct appeal. He argues the indictment failed to allege a specific drug quantity in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He contends his conviction for murder in furtherance of a continuing criminal enterprise violated *Apprendi* because the indictment failed to allege the essential elements of the crime, and this court's jury instructions on Count VIII were flawed. He contends his convictions for Counts I, VII, and VIII violated the double jeopardy clause. He argues the indictment failed to allege the elements charged in Counts

2

VII and VIII, as well as the essential elements of 18 U.S.C. § 2. Finally, he asserts various claims of ineffective assistance of counsel.

**III. Procedural Default**

Ray failed to raise his claims on direct appeal. A § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). His claims are procedurally defaulted unless he can demonstrate cause for the default and resulting actual prejudice, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Todd v. Schomig*, 283 F.3d 842, 848 (7th Cir. 2002). The cause and prejudice standard is more rigorous than the plain error standard used on direct review. *United States v. Frady*, 456 U.S. 152, 170 (1982). Good cause normally requires a showing of some external objective impediment to the petitioner's presentation of his claim, such as unavailability of the factual or legal bases for a claim, or interference by state officials. *Murray v. Carrier*, 477 U.S. 478, 485-87 (1986). A petitioner may establish prejudice by demonstrating there is a reasonable possibility the claimed constitutional violation adversely affected the outcome of the trial or appeal. *Strickland v. Washington*, 466 U.S. 688, 695 (1984).

**A. Cause and Prejudice**

Ray fails to address procedural default. His claims are based entirely on the trial record that was available during his direct appeal. He does not explain his failure to raise these arguments on direct appeal. Indeed, he raised other double jeopardy arguments and challenged this court's jury instructions on direct appeal. *Ray*, 238 F.3d at 834-35. A § 2255 petition is not a means to advance arguments that were excluded at trial or on direct appeal. In a single

3

footnote, he blames his counsel for failing to raise the claims. A conclusory assertion that counsel was ineffective cannot establish cause. *See Williams v. United States*, No. 97 C 577, 2002 WL 226861, at *3 (N.D. Ill. Feb. 14, 2002) (petitioner is required to present some argument about his counsel's ineffectiveness before cause may be established); *United States v. Chen*, No. 00 C 6815, 2000 WL 1831540, at *3 (N.D. Ill. Dec. 11, 2000) (conclusory allegation that counsel was ineffective cannot establish cause to avoid procedural default).

Even if Ray could demonstrate cause, he cannot establish prejudice. Each of his § 2255 claims lack merit. He contends the indictment was defective because it failed to allege a specific drug quantity under *Apprendi*. *Apprendi* does not apply retroactively on collateral review. *Curtis v. United States*, _ F.3d _, 2002 WL 1332817, at *1-3 (7th Cir. Jun. 19, 2002). Moreover, the failure to allege drug quantities in the indictment is not a jurisdictional defect. *United States v. Cotton*, 122 S. Ct. 1781 (2002). Ray asserts the indictment does not sufficiently state the elements of a continuing criminal enterprise under *Apprendi*. *See* 21 U.S.C. 848(c). He was not charged with participating in a continuing criminal enterprise in Count II. He was indicted and convicted for murder in furtherance of a continuing criminal enterprise in Count VIII. The elements of that crime were sufficiently pled in the indictment. Further, *Apprendi* is inapplicable to Ray's murder convictions because the statutory maximum for sentences under 18 U.S.C. § 1121 and § 848 include life imprisonment. *See United States v. Williams*, 238 F.3d 871, 877 (7th Cir. 2001) (*Apprendi* applies only to sentences in excess of the statutory maximum).

Ray argues this court failed to instruct the jury that it must unanimously agree to the series of narcotics offenses required for a conviction for murder in furtherance of a continuing criminal enterprise. In *Richardson v. United States*, 526 U.S. 813 (1999), the Supreme Court

held each predicate violation within the series of offenses is an element of the continuing criminal enterprise offense, and the jury must unanimously agree on the series of violations. Nevertheless, the Seventh Circuit has rejected challenges to jury instructions under *Richardson* where a defendant was convicted of narcotics violations, including drug conspiracy. *United States v. Jackson*, 207 F.3d 910, 919 (7th Cir. 2000) (failure to instruct jury that they must unanimously agree on series of offenses is harmless error when defendant is convicted of other narcotics violations), *vacated on other gds.*, 531 U.S. 953, *jud'g reinstated*, 236 F.3d 886 (2001); *see also United States v. Yates*, No. 01 C 8331, 2002 WL 1489620, at *4 (N.D. Ill. July 11, 2002) (rejecting challenge to jury instructions under *Richardson*). Ray was charged and convicted of participating in a drug conspiracy under 21 U.S.C. § 846 and distributing cocaine under 21 U.S.C. § 848(a)(1). Consequently, Ray's challenge to the jury instructions under *Richardson* lacks merit.

Ray asserts his convictions for murder in furtherance of a continuing criminal enterprise and drug conspiracy violated the double jeopardy clause pursuant to *Rutledge v. U.S.*, 517 U.S. 292 (1996). *Rutledge* held a drug conspiracy was a lesser included offense of participating in a continuing criminal enterprise, and a conviction for both crimes constituted double jeopardy. 517 U.S. at 300. *Rutledge* is inapplicable because Ray was not charged or convicted for engaging in a continuing criminal enterprise. Further, he contends Counts VII and VIII are multiplicitous. Multiplicity is the charging of a single offense in separate counts of an indictment. *Unites States v. Allender*, 62 F.3d 909, 912 (7th Cir. 1995). Multiplicity does not occur when a count requires proof of an element that is unnecessary in other counts. *United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir. 1986). Count VII required proof that Ray killed an individual assisting in a

federal criminal investigation. Count VIII charged that Ray killed an individual in furtherance of a continuing criminal enterprise. The two murder charges contain different elements, even though the victim was identical. *See* 21 U.S.C. § 848(e)(1)(A); 18 U.S.C. § 1121(a)(2). Accordingly, Counts VII and VIII are not multiplicitous.

Ray claims the indictment was defective because it failed to state the elements of murder in Counts VII and VIII. This assertion is frivolous. The indictment sufficiently stated the elements of the crimes charged under 18 U.S.C. §1121(a)(2) and 32 U.S.C. § 848(e)(1)(A). Even if Ray's assertion were true, he cannot establish prejudice because his trial was not adversely affected. *See United States v. Brumley*, 217 F.3d 905, 913 (7th Cir. 2000). The jury instructions properly included the necessary elements of murder. *See* Resp. Br., Ex. A, Tr. at 1520-27. Ray contests the sufficiency of the evidence to support his murder convictions. The Seventh Circuit summarily dismissed this challenge on direct appeal, and Ray cannot reassert the claim. *See Ray*, 238 F.3d at 837. Ray claims the indictment cited to 18 U.S.C. § 2, but failed to allege the elements of aiding and abetting. References to 18 U.S.C. § 2 in the indictment are permissible, and the elements of aiding and abetting do not need to be detailed in the indictment. *See United States v. Moya-Gomez*, 860 F.2d 706, 756 (7th Cir. 1988) (aiding and abetting need not be separately charged from the substantive offense in the indictment); *United States v. Lim*, No. 99 CR 689, 2000 WL 33155617, at *3 (N.D. Ill. Dec. 20, 2000) (rejecting motion to strike reference to 18 U.S.C. § 2 in the indictment).

Finally, Ray asserts this court incorrectly applied the United States Sentencing Guidelines in determining his sentence. A § 2255 challenge to the application of the sentencing guidelines is not cognizable on collateral review. *Scott v. United States*, 997 F.2d 340, 341 (7th Cir. 1993);

6

*see also Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988) ("non-constitutional errors which could have been raised on direct appeal but were not, are barred on collateral review – regardless of cause and prejudice").

## B. Fundamental Miscarriage of Justice

A federal court may review a defaulted claim only if a fundamental miscarriage of justice is involved. This occurs where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495-96. Ray does not assert he is innocent of the murder and drug charges. The Seventh Circuit found the evidence was sufficient to support Ray's convictions. *Ray*, 238 F.3d at 837. Thus, no fundamental miscarriage of justice will result by the application of the procedural default rule. Accordingly, Ray's claims are procedurally defaulted.

## III. Ineffective Assistance of Counsel

Ray asserts various conclusory claims of ineffective assistance of counsel. He may properly raise an ineffective assistance of counsel claim in a § 2255 proceeding for the first time because he retained the same trial and appellate counsel. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991). To establish ineffective assistance of counsel, Ray must demonstrate his counsel's performance was so deficient as to fall below an objective standard of reasonableness, and the deficient performance denied him a fair trial. *Strickland*, 466 U.S. at 687-88.

Ray's ineffective assistance of counsel claims are identical to his other *habeas* claims. He contends his trial counsel was ineffective because his attorney failed to argue Counts I, VII, and VIII were barred on double jeopardy grounds. He argues his counsel failed to object to this

7

court's jury instruction on the murder charge because it did not contain the essential elements of first degree murder in 18 U.S.C. § 1111. He asserts his counsel failed to move for dismissal of the indictment based on the failure to allege elements of 18 U.S.C. § 2 in Counts VII, VIII, and IX.

In discussing the prejudice prong of procedural default, the court rejected Ray's claims for *habeas* relief. For the same reasons, he cannot demonstrate his counsel's failure to raise the asserted claims adversely affected the outcome of his trial. *See Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2001). Counsel is not ineffective for failing to raise an argument with no chance of success. *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1992); *United States v. Yates*, No. 01 C 8331, 2002 WL 1489620, at *5 (N.D. Ill. July 11, 2002). Consequently, the ineffective assistance of counsel claims fail.

## CONCLUSION

The petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 is denied.

August 1, 2002

ENTER:

Suzanne B. Conlon
United States District Judge